Filed 6/21/21  P. v. Hopper CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL RICHARD HOOVER HOPPER,<br><br>    Defendant and Appellant. | H047577<br>(Santa Clara County<br>Super. Ct. No. C1647137) |

## I.    INTRODUCTION

After a court trial, the trial court found defendant Paul Richard Hoover Hopper guilty of first degree burglary (Pen. Code, §§ 459, 460, subd. (a)).[1]  The court sentenced defendant to two years in prison, which was credit for time served, and ordered three years of parole supervision.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case but raises no issues.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  We have received no written argument from defendant.

---

[1] All further statutory references are to the Penal Code.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and determined that there are no arguable issues on appeal. Following the California Supreme Court's direction in *Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. *Trial Evidence*

On August 27, 2016, R.D. left his apartment on Vermont Street in San Jose to go out to dinner with his girlfriend and her son. R.D. locked the front door, but he may have left the sliding door open. When he returned a couple hours later, the front door was no longer locked. R.D. saw that his computer, backpack, guitar, amplifier, skateboard, motorcycle gear, and PlayStation were missing.

After R.D.'s girlfriend alerted R.D. that someone was hiding behind his motorcycle in the carport, R.D. saw defendant crouching behind the motorcycle. R.D. grabbed defendant by the elbow and asked where his belongings were. Defendant responded that they were nearby and he could take R.D. to them. Defendant claimed that he owned R.D.'s motorcycle.

R.D. called the police as defendant started to walk away. Defendant jumped over a barrier into a parking lot across the street. An old camper van was the only vehicle parked in the lot. The next time R.D. saw defendant, defendant was running from the van.

The police arrived and showed R.D. what was in the van. Most of R.D.'s belongings were inside, but some were never recovered. R.D. did not know defendant and did not give him permission to enter his home or take his things.

A San Jose Police Officer lifted fingerprints from inside the van. A latent fingerprint examiner concluded that "it's highly, highly confident that the[] prints" were defendant's.

Defendant did not present any evidence.

2

**B.** *Procedural Background*

On September 7, 2017, defendant was charged by information with first degree burglary (§§ 459, 460, subd. (a)). On March 28, 2018, the trial court suspended criminal proceedings pursuant to section 1368. Criminal proceedings were reinstated on August 24, 2018. Defendant waived his right to a jury trial and a court trial was held on May 2 and 3, 2019.

The trial court found defendant guilty as charged. The court sentenced defendant to the lower term of two years in prison, awarded him 1,027 days of custody credit, composed of 514 actual days and 513 days of conduct credit, and ordered a three-year parole supervision term. The court imposed various fines and fees and ordered that defendant's excess credit be used to satisfy the fines and fees in their entirety. The court also imposed and stayed a $300 parole revocation restitution fine. The court ordered defendant to pay $900 in victim restitution.

## III.    DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.) We observe, however, that the trial court awarded defendant one less day of conduct credit than defendant was entitled to. (See § 4019.) We will therefore order the abstract of judgment modified to reflect that defendant has 514 days of section 4019 conduct credit.

## IV.    DISPOSITION

Paragraph No. 14 of the abstract of judgment is ordered modified to state that defendant has 514 days of Penal Code section 4019 local conduct credit. As so modified, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment and forward it to the California Department of Corrections and Rehabilitation.

3

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

GROVER, J.

*People v. Hopper*
**H047577**